UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE IRON WORKERS'
LOCAL NO. 25 PENSION FUND;
IRON WORKERS' HEALTH FUND OF EASTERN
MICHIGAN; IRON WORKERS LOCAL NO. 25
VACATION PAY FUND; IRON WORKERS
DEFINED CONTRIBUTION PENSION FUND;
and IRON WORKERS' APPRENTICESHIP
FUND OF EASTERN MICHIGAN,
Trust Funds Established and Administered
Pursuant to Federal Law,

       Plaintiffs,                                    Case No. 16-cv-

v.                                                   Hon.

HARRIS STEEL, INC., a Michigan corporation,
Shelli Harris, Leslie Harris and
George Harris, Individually,

       Defendants.
_____/

**DAVID J. SELWOCKI P51375**
**MATTHEW I. HENZI P57334**
**BLAINE A. VELDHUIS P78840**
Sullivan, Ward, Asher & Patton, P.C.
Attorneys for Plaintiffs
25800 Northwester Hwy., Ste. 1000
Southfield MI 48075
248-746-0700
dselwocki@swappc.com
_____/

## COMPLAINT

**NOW COME** the above-named Plaintiffs, by and through their attorneys, **SULLIVAN, WARD, ASHER & PATTON, P.C.**, and for their Complaint

against Defendants, HARRIS STEEL, INC., SHELLI HARRIS, LESLIE HARRIS and GEORGE HARRIS, individually, state as follows:

1.  Plaintiffs are the Trustees of the IRON WORKERS' LOCAL NO. 25 PENSION FUND, IRON WORKERS' HEALTH FUND OF EASTERN MICHIGAN, IRON WORKERS LOCAL NO. 25 VACATION PAY FUND, IRON WORKERS DEFINED CONTRIBUTION PENSION FUND and IRON WORKERS' APPRENTICESHIP FUND OF EASTERN MICHIGAN (hereinafter referred to as "FUNDS"). The Funds are Trust Funds established under and administered pursuant to Section 302 of the Labor Management Relations Act (hereinafter referred to as "LMRA"), 29 USC §186; and the Employee Retirement Income Security Act of 1974 (hereinafter referred to as "ERISA"), 29 USC §1001 et seq., with administrative offices in the City of Novi, Oakland County, Michigan.

2.  Defendant HARRIS STEEL, INC. is a Michigan corporation with its principal offices in the State of Michigan (hereinafter "HARRIS STEEL").

3.  Defendants SHELLI HARRIS, LESLIE HARRIS AND GEORGE HARRIS (hereinafter "Individuals") are individuals who are the principal owners and officers of HARRIS STEEL. These Individuals are responsible for running the day-to-day operations of HARRIS STEEL and responsible for all its decisions pertaining to the payment of contributions to the FUNDS, including decisions whether to pay contributions.

4.     These Individuals are employers or agents of employers engaged in commerce and in an industry or activity affecting commerce as defined in §501(1) and (3) of the LMRA, 29 USC §142(1) and (3), and within the meaning of §301(A) of the LMRA, 29 USC §185(A), or the agents acting in the interest of such an employer as defined in §501(3) of the LMRA, 29 USC §142(3).  These Individuals are an employer within the meaning of §3(5) of ERISA, 29 USC §1002(5) and is thus obligated to make contributions to a multi-employer Plan within the meaning of 29 USC §1145.

5.     The Plaintiffs administer the FUNDS pursuant to the terms and provisions of their respective Agreements and Declarations of Trust.  The FUNDS have been established pursuant to a Collective Bargaining Agreement heretofore entered into between Local Union No. 25, International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO (hereinafter referred to as "Union") and certain Employers and Employer Associations, whose members employ members of the Union, and are required to be maintained and administered in accordance with the provisions of the LMRA, ERISA and other applicable state and federal laws.

6.     At all times relevant hereto, Defendant HARRIS STEEL was signatory to a Collective Bargaining Agreement with the Union.

7.      The FUNDS are third-party beneficiaries of the Collective Bargaining Agreement.

8.      Pursuant to the terms and provisions of the Collective Bargaining Agreement between HARRIS STEEL and the Union, HARRIS STEEL agreed to pay, in addition to wages, employee fringe benefit contributions to the FUNDS for each employee employed by HARRIS STEEL, and covered by the Agreement.

9.      That pursuant to the provisions of the Collective Bargaining Agreement and the Trust and Plan documents of the FUNDS, contributions become vested plan assets on the date in which they are due.

10.     That pursuant to the Collective Bargaining Agreements, Defendant HARRIS STEEL is required to make fringe benefit contribution payments to be remitted with the standard contribution form no later than the 26th day of the month following the month in which the hours were worked.

11.     That pursuant to the Collective Bargaining Agreement, when such submission of payments and contributions are not timely made, the signatory employer is charged with liquidated damages, costs of collection and attorney fees.

12.     That, pursuant to the Collective Bargaining Agreement and in accordance with the Agreement and Declaration of Trust for each of the FUNDS, the Trustees acting thereunder are authorized and empowered to examine and copy the payroll records and necessary books and records of a signatory employer to

permit such Trustees to determine whether such an employer is making full payments as required under the Collective Bargaining Agreement.

13. That Plaintiffs are entitled as a matter of law to enforce collection of such delinquent fringe benefits pursuant to 29 USC §1132(g)(2) and Section 1145.

14. This court has jurisdiction pursuant to Section 301 of the LMRA, 29 USC §185, this being an action arising out of a Collective Bargaining Agreement between the labor organization and an employer. Jurisdiction and venue are also proper pursuant to 29 USC §1132(e).

**COUNT I – Breach of Collective Bargaining Agreement and 29 USC §1145**

15. Plaintiffs hereby incorporate and adopt by reference paragraphs 1 through 14 above as though fully set forth herein.

16. That notwithstanding its contractual obligations, HARRIS STEEL has failed and refused to pay its obligations, therefore violating the Collective Bargaining Agreements and various provisions of ERISA, including but not limited to 29 USC §1145.

17. Plaintiffs are without adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendants are ordered to specifically perform all obligations on Defendants' part required to be performed under the Collective Bargaining Agreements and is restrained from continuing to refuse to perform as thereunder required.

**WHEREFORE**, Plaintiffs request that this Honorable Court grant the following relief:

A. Order an injunction against Defendants restraining them from continuing violations of the Collective Bargaining Agreements as set forth above;

B. Enter an Order that Defendant HARRIS STEEL open its books and records for a complete payroll audit;

C. Enter a Judgment in favor of Plaintiffs against Defendants, HARRIS STEEL, INC., SHELLI HARRIS, LESLIE HARRIS AND GEORGE HARRIS, individually, for all unpaid fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due to the FUNDS during the pendency of this action;

D. Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

E. Any such other, further, or different relief as may be just and equitable under the circumstances.

## COUNT II – Breach of Fiduciary Duties of Shelli Harris, Leslie Harris and George Harris

18. Plaintiffs hereby incorporate and adopt by reference paragraphs 1 through 17 above as though fully set forth herein.

19. These Individuals are fiduciaries with respect to the various fringe benefit plans within the meaning of ERISA, 29 USC §1002(21)(A) in that they exercised discretionary authority or control respecting management or disposition of the assets of the plans.

6

20. By engaging in the acts and omissions described, These Individuals have breached their fiduciary duties regarding the FUNDS within the meaning of 29 USC § 1104(a)(1)(A).

21. These Individuals are personally liable based on breaching their fiduciary duties pursuant to 29 USC §1109(a).

**WHEREFORE**, Plaintiffs request that this Honorable Court grant the following relief:

- A. Order an injunction against Defendants restraining them from continuing violations of the Collective Bargaining Agreements as set forth above;

- B. Enter an Order that Defendant HARRIS STEEL open its books and records for a complete payroll audit;

- C. Enter a Judgment in favor of Plaintiffs against Defendants, HARRIS STEEL, INC., SHELLI HARRIS, LESLIE HARRIS AND GEORGE HARRIS, individually, for all unpaid fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due to the FUNDS during the pendency of this action;

- D. Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

- E. Any such other, further, or different relief as may be just and equitable under the circumstances.

### COUNT III – BUILDER'S TRUST FUND ACT VIOLATIONS

22. Plaintiffs hereby incorporate and adopt by reference paragraphs 1 through 21 above as though fully set forth herein.

23. The corporate Defendant was to hold fringe benefit contributions owed to the FUNDS in trust pursuant to the Michigan Builders' Trust Fund Act, MCLA §570.151-153.

24. That these Individuals were the parties responsible for running the day-to-day activities of the corporate Defendant and making all of the decisions regarding monies to be held in trust for the FUNDS.

25. Based on the Defendants' failure to appropriately pay fringe benefit contributions to the FUNDS, the Defendants have violated the Michigan Builders' Trust Fund Act.

**WHEREFORE**, Plaintiffs request that this Honorable Court grant the following relief:

   A. Order an injunction against Defendants restraining them from continuing violations of the Collective Bargaining Agreements as set forth above;

   B. Enter an Order that Defendant Harris Steel, Inc. open its books and records for a complete payroll audit;

   C. Enter a Judgment in favor of Plaintiffs against Defendants, Harris Steel, Inc., Shelli Harris, Leslie Harris and George Harris, individually, for all unpaid fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due to the FUNDS during the pendency of this action;

   D. Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

E. Any such other, further, or different relief as may be just and equitable under the circumstances.

          Respectfully submitted,

          **SULLIVAN, WARD,**
           **ASHER & PATTON, P.C.**

By: _s/David J. Selwocki_____
     David J. Selwocki (P51375)
     Attorney for Plaintiffs
     1000 Maccabees Center
     25800 Northwestern Highway
     Southfield, MI  48075-8412
     248-746-0700
     dselwocki@swappc.com

Dated:  October 21, 2016

W1897453.DOC/A35-052347